UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION AT LOS ANGELES



FILED
CLERK, U.S. DISTRICT COURT
JUN - 1 2012
CENTRAL DISTRICT OF CALIFORNIA
BY               DEPUTY

PANASONIC CORPORATION, a corporation duly organized and existing under the laws of Japan,

  Plaintiff,

vs.

MCH OFFICE SUPPLIES CORPORATION d/b/a MAMBO TRADING; SIERRA IMAGING CORPORATION, *et al.*,

  Defendants.

Case No. CV10-08347-CAS (JEMx)

**FINAL JUDGMENT BETWEEN PANASONIC CORPORATION, SIERRA IMAGING CORPORATION AND HIU K. KWOK, INCLUDING PERMANENT INJUNCTION ON CONSENT**

This Court having jurisdiction over the plaintiff Panasonic Corporation ("Panasonic") and the defendants Sierra Imaging Corporation and Hiu K. Kwok (together, the "Sierra Defendants"); and

Panasonic being the owner of the PANASONIC trademark which is the subject of registrations in the U.S. Patent and Trademark Office including, *inter alia*, U.S. Trademark Registration No. 1,392.840 for developers and toners in International Class 1; and U.S. Trademark Registration No. 3,460,193 for ink film for facsimile machines and ink ribbon cassettes in International Class 2; and

Good cause appearing therefor, and there being no just reason for delay, the Court hereby orders that this Final Judgment and Permanent Injunction on Consent between Panasonic and the Sierra Defendants ("Final Judgment") be entered in the within Action as follows:

ORDERED, that Sierra Defendants, their agents, servants, employees, officers, and all persons in active concert and participation with them, are hereby permanently enjoined as follows:

512531.1

1. From knowingly possessing, receiving, manufacturing, distributing, advertising, promoting, returning, offering for sale or otherwise disposing of in any manner (including without limitation by returning the same to its source), holding for sale or selling any toner cartridges, goods, labels, tags, logos, signs, and other forms of markings, any packaging, wrappers, pouches, containers and receptacles, and any catalogs, price lists, promotional materials and the like bearing a copy or colorable imitation of the PANASONIC trademark;

2. From knowingly using any logo, trade name or trademark which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of Sierra Defendants are sponsored by, authorized by, or in any way associated with Panasonic;

3. From knowingly infringing the PANASONIC trademark;

4. From unfairly competing with Panasonic by partaking in the following actions: falsely representing that the Sierra Defendants are authorized Panasonic dealers; or mislabeling goods or packaging such that non-Panasonic goods appear to be genuine Panasonic goods;

5. From falsely representing themselves as being connected with Panasonic or sponsored by or associated with Panasonic;

6. From knowingly using any reproduction, counterfeit, copy, or colorable imitation of the PANASONIC trademark in connection with the publicity, promotion, sale, or advertising of goods sold by Sierra Defendants including, without limitation, toner cartridges bearing a copy or colorable imitation of the PANASONIC trademark;

7. From affixing, applying, annexing, or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent such goods as being those of Panasonic and from offering such goods in commerce;

512531.1

8.  From using any trademark or trade name in connection with the sale of any goods which may be calculated to falsely represent such goods as being connected with, approved by or sponsored by Panasonic; and

It is FURTHER ORDERED that the Sierra Defendants will not advertise, offer for sale, sell, distribute, or promote any toner cartridges or any other goods bearing the PANASONIC trademark unless such goods were obtained from Panasonic directly or were obtained from authorized distributors, wholesalers, or resellers of Panasonic goods, which distributors, wholesalers, and resellers were identified to the Sierra Defendants by Panasonic.

And it is FURTHER ORDERED that neither the execution of nor performance under the within Judgment shall be deemed or construed to be an admission of any fact, liability or wrongdoing on the part of Sierra Defendants.

And it is FURTHER ORDERED that the Action by Panasonic against the Sierra Defendants is otherwise DISMISSED.

IT IS SO ORDERED.

DATED: 6/1/12

_____
Honorable Christina A. Snyder
United States District Court Judge

512531.1